FILED
2021 Apr-05 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| NOPAZZO HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:21-CV-00366-JHE |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") answers Plaintiff's Complaint through its undersigned counsel and alleges as follows:

## FOR A FIRST DEFENSE

1. Lincoln Life admits that this action is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Lincoln Life admits that Plaintiff brings this action under 29 U.S.C. § 1132(a) and seeks to recover long term disability benefits from the long term disability benefit component of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "LTD Plan"), along with other damages and attorney's fees under 29 U.S.C. § 1132(g), but Lincoln Life denies that Plaintiff is entitled to any such relief. Lincoln Life admits that Wal-Mart Stores Inc. ("Walmart") sponsored the LTD

Plan to provide benefits to participating employees, and that Plaintiff was, at certain times, employed by Walmart and that due to such employment, was, at certain times, a participant in the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln Life denies that Plaintiff is entitled to any such relief or recovery. Lincoln Life further admits that the LTD Plan was insured, at least in part, by the Group Disability Insurance Policy ("Policy") that it issued to Walmart, and that it was, at certain times, the claim administrator for Plaintiff's claim for benefits under the Policy that is the subject of the above-styled action. Lincoln Life further admits the Policy includes language pertaining to the definition of "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with other damages, but Lincoln Life denies that Plaintiff is entitled to any such relief or recovery. Lincoln Life specifically denies, however, that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION

4. Lincoln Life admits that this Court has jurisdiction over this matter, but Lincoln Life specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life further admits that by this action, Plaintiff is seeking recovery of disability benefits from an ERISA plan, but Lincoln Life denies that Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that this Court has jurisdiction over this matter, but specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life admits that venue is appropriate in this Court and that Lincoln Life is a lawfully incorporated insurance company that lawfully conducts business in the State of Alabama. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

7. Lincoln Life admits that Plaintiff was, at certain times, employed by Walmart and that due to such employment was, at certain times, a participant in the LTD Plan. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits that it is incorporated in New Hampshire and that it lawfully conducts business in the State of Alabama. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent the allegations contained in Paragraph 9 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. Lincoln Life admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits that Corporation Service Company, Inc., was, at certain times, its designated agent for service of process in certain states. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that it was, at certain times, the claim administrator for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that it was, at certain times, the claim administrator for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent the allegations contained in Paragraph 13 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. Lincoln Life admits only that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

## THE LTD PLAN

14. Lincoln Life admits that the LTD Plan was, at certain times, insured, at least in part, by the Policy that it issued to Walmart. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits that Walmart sponsored the LTD Plan to provide benefits to participating employees of Walmart, and that the LTD Plan was, at certain times, insured, at least in part, by the Policy that Lincoln Life issued to Walmart. Lincoln Life further admits that Plaintiff was, at certain times, employed by Walmart and that due to such employment was, at certain times, a participant in the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life admits that the LTD Plan is an employee welfare benefit plan as defined under ERISA. Lincoln Life further admits that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to

the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability," "Disabled" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Material and Substantial Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life denies the allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life admits that Plaintiff was, at certain times, employed by Walmart as a Lift Driver. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's employment history, and accordingly, denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents.

Lincoln Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits that documentation pertaining to Plaintiff's job at Walmart and his occupation are contained in the administrative

record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits that Plaintiff's last day of work at Walmart was April 4, 2019. Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the short-term disability benefit component of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "STD Plan") for which Sedgwick provided services at certain times. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln Life admits that documentation pertaining to Plaintiff's claim for benefits from the STD Plan are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln Life admits that documentation pertaining to Plaintiff's claim for benefits from the STD Plan are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln Life admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln Life admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 14, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that documentation pertaining to Plaintiff's claim

for benefits from the STD Plan are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 14, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that documentation pertaining to Plaintiff's claim for benefits from the STD Plan are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 14, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life further admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and the relevant Plan documents. Lincoln Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 14, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision, along with additional documentation, and Lincoln Life refers to the documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision, along with additional documentation, and Lincoln Life refers to the documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision, along with additional documentation, and Lincoln Life refers to the documents themselves as the best evidence of their contents. Lincoln Life admits that health care professional reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan, and Lincoln Life refers to the administrative record

itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision, along with additional documentation, and Lincoln Life refers to the documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln Life admits that it received a letter from Plaintiff's counsel dated October 15, 2020, appealing Lincoln Life's decision, along with additional documentation, and Lincoln Life refers to the documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its

contents. Lincoln Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln Life admits that it sent a letter to Plaintiff's counsel dated January 5, 2021, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln Life denies the allegations contained in Paragraph 48 and 48(a)-48(i) of the Complaint.

49. To the extent that the allegations contained in Paragraph 49 of the Complaint seek to interpret the Policy, Lincoln Life refers to the Policy itself as the

best evidence of its contents. Lincoln Life admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life admits that it sent letters to Plaintiff's counsel dated July 14, 2020, and January 5, 2021, and Lincoln Life refers to the letters themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln Life denies the allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life admits that this action is governed by ERISA. Lincoln Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln Life denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint, including Paragraphs a-d thereunder.

Unless specifically admitted herein, Lincoln Life denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

55. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A THIRD DEFENSE**

56. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FOURTH DEFENSE**

57. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff, retirement income received by Plaintiff, and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A FIFTH DEFENSE**

58. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SIXTH DEFENSE**

59. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln Life, Lincoln Life requests that the Court order their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR A SEVENTH DEFENSE**

60. Plaintiff's claim against Lincoln Life is barred to the extent that Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR AN EIGHTH DEFENSE**

61. Plaintiff has failed to state a claim upon which relief can be granted.

**FOR A NINTH DEFENSE**

62. To the extent that any of Plaintiff's causes of action asserts state or federal claims that are not based on ERISA, they are preempted by ERISA.

**FOR A TENTH DEFENSE**

63. Lincoln Life reserves the right to assert additional defenses.

WHEREFORE, Lincoln Life prays that the Court dismiss the Complaint with prejudice, enter judgment in Lincoln Life's favor, and award to Lincoln Life such other and further relief as the Court deems just and proper.

Dated this 5th day of April 2021.

Respectfully submitted,

s/ *Matthew W. Robinett*
Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

s/ *Iwana Rademaekers*
**IWANA RADEMAEKERS**
(Motion for *Pro Hac Vice* pending)
Texas Bar No. 16452560
Attorney for Lincoln Life
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of April 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

M. Clayborn Williams, Esq.
Email: clay@erisacase.com

s/ *Matthew W. Robinett*
Matthew W. Robinett